

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| UNITED STATES EX REL. BRIDGETTE BECK JACOBS | |
| Plaintiff, | CIVIL ACTION NO. |
| | 1 98-CV-1348 |
| v. | Jury Trial Requested |
| PATROL SERVICES, INC., ANDREW W. BRYAN, MICHELLE D. BRYAN, ATLANTA HOUSING AUTHORITY, DOMINIUM MANAGEMENT CORPORATION | TO BE FILED *IN CAMERA* AND UNDER SEAL |
| Defendants. | |

## COMPLAINT

Plaintiff-Relator **Bridgette Beck Jacobs** ("Relator") hereby files the following Complaint and alleges as follows:

### JURISDICTION AND VENUE

1. This action arises under the False Claims Act, as amended, 31 U.S.C. §§ 3729-3733, and at common law.

2. This Court has subject matter jurisdiction over this action pursuant to 31 U.S.C. § 3732(a) and 28 U.S.C. § 1345.

3. This Court has personal jurisdiction over the Defendants.

4. Venue is proper in this district under 28 U.S.C. §§ 1391(b), and 1391(c), and under 31 U.S.C. § 3732(a). At least one Defendant can be found, resides, and transacts business within the district, and the acts proscribed by the False Claims Act occurred within the district.

## THE PARTIES

5. Plaintiff-Relator **Bridgette Beck Jacobs** is a citizen of the United States and worked for Patrol Services, Inc.

6. Defendant **Patrol Services, Inc.** (PSI) is a private company and is a private sub-contractor for the Atlanta Housing Authority.

7. Defendant **Andrew W. Bryan** is an owner and employee of Patrol Services, Inc.

8. Defendant **Michelle D. Bryan** is an owner and employee of Patrol Services, Inc.

9. Defendant **Atlanta Housing Authority** ("AHA") is government funded organization.

10. Defendant **Dominium Management Corporation** is a private company and is an appointed contractor of the Atlanta Housing Authority

## STATEMENT OF FACTS

11. This action concerns serious acts of governmental fraud by Patrol Services, Inc., a private sub-contractor for the Atlanta Housing Authority and its appointed private contractor, Dominium Management Corporation. The fraud appears to be in the area of invoicing and billing.

12. All invoicing was calculated, submitted and signed by the owners, Andrew W. Bryan and/or Michelle D. Bryan, on a weekly basis. The invoices were filled with misstatements of fact in order to induce a higher payment from the government. Almost all of the invoices submitted by Patrol Services, Inc. to governmental agencies were false or fraudulent. This may have included contracts acquired during the 1996 Olympics from the Atlanta Housing Authority and sub-contracting contracts by Patrol Services, Inc. through agencies receiving funds from the Environmental Protection Agency.

13. Defendants' fraud includes the following:

   (a) Failure to reflect the actual number of hours worked for each employee;

   (b) Terminated employees listed as currently working;

   (c) Double billing of employee time – individuals who actually worked for another company or governmental agency contract by PSI were submitted for billing on the same dates and times as this company billed AHA;

   (d) Ghost Employees – names made up to reflect names similar to current employees;

   (e) Submitting invoices for more employee hours than the actual number worked.

## COUNT I
### Violation of 31 U.S.C. § 3729(a)(1)

14. Relator hereby incorporates and re-alleges herein Paragraphs 1-13 as if fully set forth herein.

15. As set forth above, Defendants by and through their agents, officers and employees, knowingly presented, caused to be presented, or conspired to present to an officer or employee of the United States numerous false or fraudulent claims for payment or approval, in violation of 31 U.S.C. § 3729(a)(1).

16. The United States has been damaged as a result of Defendants' violations of the False Claim Act in an amount to be proven at trial.

17. Relator is entitled to this sum as reimbursement for monies obtained by the Defendants for fraudulent claims submitted to the United States.

18. Relator is entitled to treble damages based upon the amount of damage sustained by the United States as a result of Defendants' violations of 31 U.S.C. § 3729(a)(1)-(3).

19. Relator is entitled to a civil penalty of between $5,000 and $10,000 as required by 31 U.S.C. § 3729(a) for each of Defendants' fraudulent claims.

20. Realtor is also entitled to reasonable attorney fees and costs, pursuant to 31 U.S.C. § 3730(d)(1).

## COUNT II
## CONSPIRACY TO DEFRAUD THE UNITED STATES

21. Plaintiff-Relator Bridgette Beck Jacobs hereby incorporates and re-alleges, herein paragraphs 1-20 as if fully set forth herein.

22. Defendants have agreed to undermine the laws, rules, and regulations governing Housing and Urban Development funds and the United States.

23. Defendants have conspired with each other and others to defraud the government by acting collectively to submit or cause to be submitted false and fraudulent claims for payment to the United States in violation of 31 U.S.C. § 3729(a)(3).

24. The United States has been damaged as a result of Defendants' actions in violation of 31 U.S.C. § 3729(a)(3) in an amount to be proven at trial.

25. Relator is entitled to treble damages based upon the amount of damage sustained by the United States as a result of Defendants' violations of 31 U.S.C. § 3729(a)(1)-(3).

26. Relator is entitled to a civil penalty of between $5,000 and $10,000, as required by 31 U.S.C. § 3729(a), for each of Defendants' fraudulent claims.

27. Relator is also entitled to reasonable attorney's fees and costs, pursuant to 31 U.S.C. § 3730(d)(1).

## COUNT III
## WRONGFUL TERMINATION

28. Plaintiff-Relator hereby incorporates and realleges herein Paragraphs 1-27 as if fully set forth herein.

29. Defendant Patrol Services, Inc. terminated Plaintiff-Relator Jacobs in express violation of 31 U.S.C. § 3730(h).

30. Pursuant to this statute, Plaintiff-Relator Jacobs is entitled to be reinstated at the same level of seniority she would have enjoyed absent this termination; an award of two times the amount of back pay due plus interest; compensation for special damages; and litigation costs and reasonable attorney fees.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff-Relator Bridgette Beck Jacobs prays for judgment:

(a) ordering Defendants to pay the United States Government damages sustained by it for each of the false claims presented or caused to be presented plus interest, attorney's fees, and costs;

(b) ordering Defendants to pay the United States government a civil penalty of $10,000 as required by law to be assessed against each named Defendant for each of the false claims presented or caused to be presented;

(c) ordering treble damages based upon the amount of damages sustained by the United States government as a result of the false claims;

(d)    ordering Defendant Patrol Services, Inc. to reinstate Plaintiff-Relator with the level of seniority she would have but for the termination; award two times the amount of back pay due to Plaintiff-Relator Jacobs plus interest; compensate Plaintiff-Relator for special damages resulting from the discrimination; and litigation costs and reasonable attorney fees in an amount to be determined at trial; and

(e) granting such other relief as the Court may deem just and proper.

Respectfully submitted,

*[signature]*

MIKE BOTHWELL
Georgia Bar No. 069920
Counsel for Relator Bridgette Beck Jacobs

595 Colonial Park Drive
Suite 302
Roswell, Georgia 30075
Telephone: (770) 643-1606